UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
\_\_\_\_\_

OMAR KHATTIM ALI,

        Plaintiff,        Case No. 2:20-cv-3

v.        Honorable Paul L. Maloney

RESSIE STRANLAY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The action originally was filed in the Eastern District of Michigan, but was transferred to this Court on venue grounds. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it is frivolous.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan.

The events about which he complains, however, appeared to have occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF officials: Ressie Stranlay, Connie Horton, Marie Bennet, Melody Chapin, and Alexandra Wilonoski.

Because Plaintiff's original complaint was unintelligible and was not written on the form complaint as required under W.D. Mich. LCivR 5.6(a), the Court issued an order on February 13, 2020, directing the Clerk to mail a form complaint to Plaintiff and ordering Plaintiff to file an amended complaint on the form within 28 days. (ECF No. 12.) Plaintiff has since filed an amended complaint, though he did not use the form sent to him by the Clerk.

Plaintiff's amended complaint is little more intelligible than his original complaint. The first page consists of a recitation of § 1983. The remainder of the complaint states as follows:

> 50,000 Bond cash in Surty. <u>1,567 Done At URF – MRF</u> Regular I would've note complaint to the proper Court check with charge Guildline Parole Avgeage PorerBletiy Probate in Grand Rapids 81 IONIA ST. NW Grand Rapids Police Attain me by Walker Police Grandville Police and Detective OF Agent in Kent County Have charge me originally with Great Bodily Harm no less than Murder. Dismissal of count 1 R-O my conseler Donlad C. Pebely was out Richard Hillary approval 2-15 Bench warrant 50,000 Dollar cash. Revosloea.
>
> <u>Jury Damand is Needed</u> HereBy <u>OMAR KHATTIM ALI</u> 462773 V. RESSIE STRANLAY ET. AL., Motion For Summary judgement 2/5/2020 InForma Purpusi Paid $348.28  IN CASE NO. #2:20-CV-3  I have no Lawery  Subpoena To: 5 defendant Bessie Stranli Connie Horton Melody Chapin Marie Bennet Alexgandra Wilionaski . . . .

(Am. Compl., ECF No. 17, PageID.71-72 (verbatim).)

Plaintiff appears to seek damages.

## II.     Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or

rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact include claims that describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327.  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts.  *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99.  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

In this case, the Court is completely unable to discern the allegations contained in Plaintiff's complaint.  While the majority of Plaintiff's writing is legible, the words do not form coherent sentences or convey clear thoughts.  Because the court is unable to decipher Plaintiff's prose, his complaint necessarily lacks an arguable basis either in law or fact.  *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker International/Parker Tobacco Company*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).  Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8.  Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   April 21, 2020                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           United States District Judge